IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:13-CV-00415-FL

| | |
|---|---|
| CAMPBELL ALLIANCE GROUP, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ASHWIN DANDEKAR and EMILY HUA, )<br>)<br>Defendants. )<br>) | **CONSENT PROTECTIVE ORDER** |

This action involves claims arising from restrictive covenants between Defendants ASHWIN DANDEKAR ("Dandekar") and EMILY HUA ("Hua") and their former employer, Plaintiff CAMPBELL ALLIANCE GROUP, INC. ("Campbell") (collectively, the "Parties"). The key issues in the case involve the Parties' claims and defenses regarding the Defendants' fiduciary duties to Plaintiff and their post-employment obligations, if enforceable, to Plaintiff, and whether any such obligations have been violated. Plaintiff seeks injunctive relief, as well as money damages. Discovery in this case will necessarily involve facts relating to sensitive confidential and proprietary information regarding the parties' business and their clients. Accordingly, upon the stipulation of the Parties, and pursuant to Federal Rule of Civil Procedure 26(c), **IT IS HEREBY ORDERED** as follows:

1. This Order shall apply to all documents, written discovery responses, testimony, tangible evidence, and any other discovery conducted, given, or exchanged in this case, and any motion, brief, or other filing or proceeding incorporating such materials or their contents that is submitted prior to trial. This Order shall be permanently binding and enforceable against the

Parties, their attorneys, all legal and equitable successors of the Parties, persons added as parties after the entry of this Order, and any third-party who adopts or enters into this Order.

2. This Order concerns the treatment of confidential and proprietary business information and documents containing such information, including, but not limited to technical information, computer code, formulae, research and development information, customer lists, business development, business strategy, marketing, sales, staffing, personnel data, salary information, benefit information, information provided by customers which is subject to confidentiality agreements with customers, cost, pricing, and/or profit information, forecasts, plans, methods and/or models, patent-license agreements, or information that was generated in connection with, or which reveals the content of, patent licensing negotiations, information regarding software offerings that a party has treated as confidential and is not subject to public disclosure, information within the definition of trade secret as set forth in the North Carolina Trade Secrets Act, any other information that would qualify as confidential pursuant to any other legal standard applicable to matters pending before this Court or other sensitive information that the producing party wishes to protect under this Consent Protective Order (hereinafter collectively "CONFIDENTIAL INFORMATION"). Information may be designated as CONFIDENTIAL INFORMATION only if it is sensitive and confidential business information that is (i) not available to the public, (ii) not readily determinable from public sources, and (iii) generally treated as confidential by a party or witness.

3. All documents or other information designated as CONFIDENTIAL INFORMATION shall be treated and maintained as such by all persons to whom such CONFIDENTIAL INFORMATION is disclosed pursuant to the terms of this Order. Such CONFIDENTIAL INFORMATION, and all copies, summaries, compilations, notes, and

abstracts thereof, shall not be used for any purpose except the parties' preparation for and trial or appeal of this action. All CONFIDENTIAL INFORMATION and all copies, summaries, compilations, notes, and abstracts thereof shall be stored under the direct control of counsel who shall be responsible for preventing any disclosure thereof and shall be returned or disposed of in accordance with the terms of this Order.

4. Any party or witness claiming that documents, written discovery responses, or tangible evidence constitutes or includes CONFIDENTIAL INFORMATION shall mark those portions of the material considered to be CONFIDENTIAL INFORMATION (in such manner as will not interfere with the legibility of the material) with a stamp designated "**Confidential**" or "**Confidential – Attorneys' Eyes Only**." Any document or material so marked, and the information contained therein, shall be held confidential in its entirety unless the producing party clearly indicates on the document that only a portion of the material is to be treated as confidential.

5. When CONFIDENTIAL INFORMATION is furnished or utilized in the course of a deposition, any party or third-party may designate as CONFIDENTIAL INFORMATION the portion of the transcript (including exhibits) that contains or refers to the CONFIDENTIAL INFORMATION with a statement to such effect on the record in the course of the deposition. The court reporter for any such testimony shall be informed of this Order by the party making a confidentiality designation and the court reporter shall comply with and be bound by this Order. If all or part of a videotaped deposition is designated as CONFIDENTIAL INFORMATION, the videocassette or other videotape container shall be labeled with the appropriate confidentiality designation.

6. Only that information which a party or witness shall in good faith deem to constitute or contain CONFIDENTIAL INFORMATION as defined herein shall be so designated, and such designation by a party or a witness shall constitute a certification by such party and that party's counsel, or such witness and that witness' counsel (if the witness is represented by counsel), that they are of the belief that such designation has been made in good faith and that there are substantial grounds to support such designation.

7. CONFIDENTIAL INFORMATION produced by parties or third-parties and designated as "**Confidential**" shall be disclosed, summarized, or described by the non-producing party or parties only to the following persons, who shall use the material only for purposes of this litigation and for no other purpose whatsoever except as otherwise permitted by this Order, including paragraphs 3 and 10, or as required by law:

    a. Attorneys of record for parties to the litigation and their associates, paralegal, clerical, or service support staff who are necessary to assist the attorneys of record in the prosecution or defense of this litigation;

    b. Subject to the conditions of paragraphs 8 and 9, officers, directors, employees and former employees of corporate parties or individual persons who are parties to this action;

    c. Subject to the conditions of paragraphs 8 and 9, witnesses or potential witnesses whom counsel believes need to review the CONFIDENTIAL INFORMATION to provide testimony in this matter or to assist counsel with preparation of the case, except that CONFIDENTIAL INFORMATION may not be shown to any current or former employee of a competitor of Campbell or Blue Matter, or to any current or former

employee of any client of Campbell or Blue Matter, without written permission from the Parties or further Order of this Court;

    d.    Experts or consultants who are retained by a party to this litigation (including their employees, associates and/or support staff), subject to the conditions of paragraphs 9 and 10; and

    e.    The Court, its personnel, and court reporters, subject to the conditions of paragraphs 5 and 14.

8.    CONFIDENTIAL INFORMATION produced by parties or third-parties and designated as "**Confidential – Attorneys' Eyes Only**" shall be disclosed, summarized, or described by the non-producing party or parties only to the following persons, who shall use the material only for purposes of this litigation and for no other purpose whatsoever except as otherwise permitted by this Order, including paragraphs 3 and 10, or as required by law:

    a.    Attorneys of record for parties to the litigation and their associates, paralegal, clerical, or service support staff who are necessary to assist the attorneys of record in the prosecution or defense of this litigation;

    b.    Experts or consultants who are retained by a party to this litigation (including their employees, associates and/or support staff), subject to the conditions of paragraphs 9 and 10; and

    c.    The Court, its personnel, and court reporters, subject to the conditions of paragraphs 5 and 14.

9.    Counsel for a party shall disclose CONFIDENTIAL INFORMATION produced by other parties or third-parties to the individuals referred to in subparagraphs 7(b), (c), (d) and 8(b), only when counsel for that party in good faith determines that those individuals need to

have access to that CONFIDENTIAL INFORMATION in order for counsel to effectively prosecute or defend this litigation.

10. Counsel for a party shall only disclose CONFIDENTIAL INFORMATION produced by other parties or third-parties to the individuals referred to in subparagraphs 7(b), (c), (d) and 8(b), if counsel for the party making such disclosure first obtains the written undertaking attached as Exhibit A of any such individual to whom disclosure is to be made establishing that the individual has read this Order, understands its provisions, and agrees to be bound by its terms and conditions. Copies of documents that contain CONFIDENTIAL INFORMATION shall not be given to such individuals or his or her counsel to retain beyond the conclusion of this matter, except for a sufficient period of time after conclusion to allow such documents to be returned to the disclosing party or destroyed. All undertakings signed by individuals referred to in subparagraphs 7(b), (c), (d) and 8(b) shall be maintained in a file by counsel making such a disclosure which file shall be available to the Court in the event of a dispute as to whether any provision of this Order has been violated.

11. Any party may object to the designation of any document, material, or information as CONFIDENTIAL INFORMATION by giving written notice to the party or witness designating such information. Any such written notice shall identify the information to which the objection is directed. If the status of the information cannot be resolved between counsel within ten (10) business days after such notice is delivered, and the party objecting to the treatment of the information as CONFIDENTIAL INFORMATION wishes to have such treatment removed, such objecting party may file an appropriate motion requesting that the Court rule that the disputed information should not be treated as CONFIDENTIAL INFORMATION under this Order. The burden rests upon the party seeking confidentiality to demonstrate that

such designation is proper. The disputed material shall remain CONFIDENTIAL INFORMATION under the terms of this Order until the Court rules that the disputed information should not be subject to the protection provided under this Order.

12. Any non-party from whom discovery is sought pursuant to the Federal Rules of Civil Procedure shall be informed of this Order by the party seeking such discovery and shall be informed that such non-party may obtain the protection of this Order by providing a letter advising that it wants to provide its documents and information under the terms of this Order. The party seeking such discovery shall promptly provide a copy of such letter to counsel for the other parties.

13. Nothing contained in this Order shall affect or restrict the rights of any party with respect to the disclosure of its own documents.

14. Any discovery materials filed with the Court and any pleadings, motions, or other papers filed with the Court disclosing any CONFIDENTIAL INFORMATION shall be accompanied by a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. The Court will grant the motion only after providing adequate notice to the public

7
Case 5:13-cv-00415-FL   Document 39   Filed 12/10/13   Page 7 of 11

and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the document(s). Documents submitted under seal in accordance with this paragraph shall remain under seal pending the court's sealing. In addition, any documents submitted under seal under this Order shall, when filed with the Court, be submitted in a sealed envelope or other container and shall be clearly marked with a reference to this action and with the words "Confidential — Sealed Pursuant To Court Order, dated December 10, 2013. This envelope is not to be opened or the contents displayed or revealed except by order of this Court or pursuant to stipulation by the parties to this action."

15. Inadvertent production of any CONFIDENTIAL INFORMATION without a designation shall not be deemed a waiver of a party's claim that the information is CONFIDENTIAL INFORMATION and shall not preclude a party from designating the information as CONFIDENTIAL INFORMATION at a later date. For depositions, where no designation of confidentiality was made on the record of the deposition, portions of the transcript may be designated as CONFIDENTIAL INFORMATION after the transcript is received by the parties. However, disclosure of the information by another party prior to such designation is not a violation of this Order.

16. This Order shall survive the termination of this litigation and shall continue in full force and effect thereafter. Material designated as CONFIDENTIAL INFORMATION, or otherwise subject to this Order, including without limitation, copies of the documents, testimony, and information, shall be returned to the disclosing party or destroyed, with such destruction certified to the disclosing party, within ninety (90) days after a Court Order or Dismissal finally

8
Case 5:13-cv-00415-FL   Document 39   Filed 12/10/13   Page 8 of 11

terminating this litigation (including any appeal) and any other actual or threatened litigation between any of the parties to this Protective Order. All notes, memoranda, summaries, or other documents referring, describing, or relating to the documents, testimony, information, or other materials produced by the opposing party and designated as CONFIDENTIAL INFORMATION shall be destroyed. Upon request, each party shall provide the producing party with a declaration certifying that all documents required to be returned or destroyed pursuant to the provisions of this paragraph have been returned or destroyed.

17. Inadvertent production of material subject to the attorney-client privilege, work product immunity or other applicable privilege or immunity shall not constitute waiver of any privilege or immunity provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production, as required by Rule 4.4(b) of the North Carolina Rules of Professional Conduct. Such inadvertently produced material shall be returned to the producing party upon request. No use shall be made of such material during deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request for its return. If the parties are unable to reach agreement in good faith within ten (10) days of such notice as to the disposition of such material, the producing party may seek relief from the Court. The receiving party shall not disclose material for which a claim of privilege or immunity is made pursuant to this paragraph to any person, other than those persons who have had it in their possession prior to receipt of the notice from the producing party, until the expiration of the 10-day period identified in this paragraph or, if application is made to the Court, until disposition of that application, including appeals.

18. This Order may be modified or amended by order of the Court for good cause shown or by agreement of the parties.

**SO ORDERED**, this 10th day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Court Judge


WE CONSENT TO THE ENTRY OF THIS ORDER:

| POYNER SPRUILL LLP | OGLETREE, DEAKINS, NASH SMOAK & STEWART, P.C. |
|---|---|
| By: s/ Kevin M. Ceglowski | By: /s/ Phillip J. Strach |
| Daniel G. Cahill | Phillip J. Strach (N.C. Bar No.: 29456) |
| N.C. State Bar No. 20887 | J. Allen Thomas (N.C. Bar No.: 40119) |
| Kevin M. Ceglowski | 4208 Six Forks Road, Suite 1100 |
| N.C. State Bar No. 35703 | Raleigh, NC 27609 |
| 301 Fayetteville Street, Suite 1900 | Telephone: 919.787.9700 |
| Raleigh, NC 27601 | Facsimile: 919.783.9412 |
| Telephone: (919) 783-6400 | Phillip.Strach@odnss.com |
| Facsimile: (919) 783-1075 | Allen.Thomas@odnss.com |
| E-mail: dcahill@poynerspruill.com | ATTORNEYS FOR DEFENDANTS |
| E-mail: kceglowski@poynerspruill.com | |
| LOCAL RULE 83.1 COUNSEL FOR PLAINTIFF CAMPBELL ALLIANCE GROUP, INC. | |

Daniel F. Lanciloti
IL Bar No. 6225408
Jeffrey P. Swatzell
IL Bar No. 6293913
Special Appearance Attorneys
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
E-mail: dlanciloti@seyfarth.com
E-mail: jswatzell@seyfarth.com
ADDITIONAL COUNSEL FOR
PLAINTIFF CAMPBELL ALLIANCE
GROUP, INC.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:13-CV-00415-FL

| | |
|---|---|
| CAMPBELL ALLIANCE GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ASHWIN DANDEKAR and EMILY HUA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## Undertaking of Confidentiality Pursuant to Protective Order

I, _____, hereby certify that on _____, I read the Consent Protective Order (the "Order") entered by the Court in *Campbell Alliance Group, Inc. v. Dandekar* which bears docket number 5:13-CV-00415-FL in the United States District Court for the Eastern District of North Carolina. I further certify my understanding that information designated as CONFIDENTIAL INFORMATION is being provided to me pursuant to the terms and conditions of the Order. I further certify that I understand the Order and hereby agree to abide by its terms and conditions, so long as it remains in effect, by not disclosing CONFIDENTIAL INFORMATION to anyone except as required by lawful judicial process and except as permitted by the Order. I further agree to subject myself to the jurisdiction of the Court for purposes of the enforcement of the Order and I understand that violation of the Order is punishable by contempt.

_____
Signature