IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-00415-FL

| | |
|---|---|
| CAMPBELL ALLIANCE GROUP, INC. | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     MEMORANDUM OPINION<br>) |
| ASHWIN DANDEKAR, EMILY HUA, and JONATHAN BETTS, | )<br>)<br>)<br>) |
| Defendants. | ) |

This matter came before the court on the motion by defendants Ashwin Dandekar and Emily Hua ("original defendants") to change venue pursuant to 28 U.S.C. § 1404 (DE 15).[1] On September 4, 2013, by text order, this court denied the motion, noting that a written opinion would follow setting forth the reasons for the court's decision. As anticipated, this memorandum opinion now sets forth the reasons for the court's decision to deny the original defendants' motion to change venue.

**BACKGROUND**

Plaintiff initiated a civil action in the Wake County Superior Court, which the original defendants removed to this court on June 7, 2013. Plaintiff asserts claims of breach of contract and breach of fiduciary duty based on the original defendants' alleged violation of post-employment

---

[1] Jonathan Betts was added as a defendant on December 23, 2013, subsequent to the court's September 4, 2013, decision on the original defendants' motion to change venue.

activity restrictions and confidentiality covenants contained in their employment and award agreements. Plaintiff seeks injunctive relief, return of documents that contain or relate to plaintiff's confidential and proprietary information, compensatory damages, punitive damages, and attorneys' fees.

On July 5, 2013, the original defendants filed a motion to change venue pursuant to 28 U.S.C. § 1404 to the North District of California. By text order, this court denied said motion on September 4, 2013, and indicated a memorandum opinion would follow setting forth the reasons for the decision to deny defendants' motion to change venue.

## DISCUSSION

Pursuant to 28 U.S.C. § 1404(a), a court may, for the convenience of the parties and in the interest of justice, order the transfer of a case to any district where it might otherwise have been brought. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal quotation marks omitted). Such consideration "calls on the district court to weigh in the balance a number of case-specific factors." Id.

> While the analysis is case-specific, courts often consider a range of factors to evaluate convenience and fairness, including: plaintiff's initial choice of forum; the residence of the parties; the ease of access to the sources of proof; the convenience of the parties and witnesses; the cost of obtaining the attendance of the witnesses; the availability of compulsory process; the possibility of a view by the jury; the enforceability of a judgment; other practical problems that make trial expeditious and inexpensive; the interest in having local controversies decided at home and at home with the state law that governs; and the interests of justice.

Greystone Bank v. Return: United Fund for Educ. of Russian Immigrant Children in Israel, Inc., No. 5-10-CV-44-FL, 2010 WL 2812726, at *3 (E.D.N.C. July 16, 2010).

2

In addition, when a valid forum selection clause exists, its "presence . . . will be a significant factor that figures centrally in the district court's calculus." Stewart, 487 U.S. at 29. Such a clause is not automatically dispositive of a motion to transfer, however, and "[i]t is conceivable . . . that because of these [case-specific] factors a district court acting under 1404(a) would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause . . . ." Id. at 30-31.

"With regard to the question of change of venue, a district court is required to weigh the factors involved and unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984) (internal quotation marks omitted).

A.    Forum Selection Clauses

Contractual forum-selection provisions are presumptively valid, but this presumption may be overcome by a clear showing that the provision is unreasonable under the circumstances. Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996). A forum selection clause may be found unreasonable if:

> (1) [The clause's] formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [the clause's] enforcement would contravene a strong showing of public policy of the forum state.

Id.

The forum selection clauses in the employment and award agreements provide for suit in this district. In particular, the forum selection clauses provide that "All disputes pertaining to this Agreement shall be decided exclusively by a state or federal court located in Wake County, North Carolina, and Employee hereby consents to personal jurisdiction of such courts." (Compl. Exs. A-D

3

¶ 7.6). Thus, this is a significant factor weighing in favor of venue in this district.

The original defendants contend, nonetheless, that the forum selection clauses are invalid because (1) their formation was induced by overreaching, citing the alleged unequal bargaining power between the parties and the threatened loss of employment and earned compensation if the agreements were not signed; (2) the agreements lacked consideration; and (3) this forum is gravely inconvenient. (Defs.' Mem. in Supp. 12-13). They did not allege fraud or any of the other factors. Therefore, this opinion will not include discussion of those factors.

"A forum selection clause is valid when it is bargained for between parties of relatively equal bargaining strength. However, a forum-selection clause is not rendered invalid merely because the parties appear to possess unequal bargaining power." McNeill v. Int'l Precious Metals Corp., No. 88-2096, 1989 WL 27443, at *2 (4th Cir. Mar. 9, 1989) (citation omitted). "In an analogous situation, this court . . . held that an arbitration clause in a customer agreement between a large investment company and a 'widowed housewife with no business or financial expertise' was enforceable." Id. (quoting Newcome v. Esrey, 862 F.2d 1099, 1100 (4th Cir. 1988) (en banc)). Unlike the plaintiff in Newcome, the original defendants here presumably were experienced business professionals, each holding the position of Vice President, at the time that they signed the agreements. (See Compl. 5-6). They do not allege any facts that would negate this presumption. Moreover, they acknowledge that unequal bargaining power alone is insufficient to invalidate a forum selection clause. (Defs.' Reply in Supp. 2). Therefore, the court overrules this challenge to the validity of the forum selection clauses.

The original defendants also allege that the threatened loss of employment and earned compensation constituted overreaching. The original defendants represent the undisputed facts on

4

this issue as (1) they signed new employment agreements after years of employment; (2) these agreements contained a forum selection clause; (3) the agreements expressly stated that the original defendants "would receive no change in compensation, commission, duties, nature of employment or other consideration in exchange for signing" the agreements; and (4) they did not receive consideration for signing these agreements. (Defs.' Reply in Supp. 2-3). Their argument that these facts constitute overreaching is premised upon the lack of consideration for their execution of the agreements. (See id.). However, as discussed below, the argument that the agreements are not supported by consideration is unsuccessful. Therefore, the court overrules this challenge to the validity of the forum selection clauses.

In their reply brief, the original defendants also allege that the forum selection clause is invalid because the relevant agreements lacked consideration. (Defs.' Reply in Supp. 3). As an initial matter, the reply brief appears to raise this as a new issue, and in this presentation would contravene Local Civil Rule 7.1(f)(1). That rule details the proper procedure that "a party desiring to reply to *matters initially raised in a response to a motion*" should follow. Local Civil Rule 7.1(f)(1) (emphasis added).

Under North Carolina law, a restrictive covenant must be supported by valuable consideration to be enforceable. James C. Greene Co. v. Kelley, 261 N.C. 166, 168 (1964). In addition, "when the relationship of employer and employee is already established without a restrictive covenant, any agreement thereafter not to compete must be in the nature of a new contract based upon a new consideration." Id. Here, the employment agreements indicate that they are supported by consideration, specifically including stock options. (See Compl. Exs. A & B ¶ 2.3). The parties do not provide, and a thorough search has not disclosed, any North Carolina precedent

5

indicating whether stock options can serve as consideration for restrictive covenants entered into subsequent to formation of the employment relationship. However, the award agreements are supported by consideration, namely equity grants. (See Compl. Exs. C & D ¶ 1). Under North Carolina law, stock grants are valid consideration. See Kinesis Advertising, Inc. v. Hill, 187 N.C. App. 1, 13 (2007) (indicating stock grants can be consideration for restrictive covenants). The award agreements contain identical forum selection clauses to those in the employment agreements. (Compare Compl. Exs. C & D ¶ 7.6, with Compl. Exs. A & B ¶ 7.6). The original defendants have not overcome the presumptive validity of the forum selection clauses where they have not made a "clear showing" that the relevant agreements are invalid due to lack of consideration. Allen, 94 F.3d at 928. Therefore, the court overrules this challenge to the validity of the forum selection clauses.

The original defendants also contend that the forum selection clauses are invalid because litigation in this forum is gravely inconvenient, citing as an example the cross-country travel expenses. (Defs.' Mem. in Supp. 13). "However, inconvenience serves as a ground for invalidation only when enforcement would 'deprive a party of his day in court.'" Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp., 696 F.2d 315, 318 (4th Cir. 1982). See Baker v. Adidas America, Inc., 335 Fed. App'x 356, 361 (4th Cir. 2009) (determining that a forum selection clause between a North Carolina tennis player and a footwear manufacturer selecting Amsterdam as a forum was not so inconvenient as to deprive the player of her day in court). Here, the original defendants do not allege any facts that would suggest they will be deprived of their day in court. Therefore, the court overrules this challenge to the validity of the forum selection clauses.

In sum, the forum selection clauses are valid and significantly weigh in favor of retaining the case in this district. The court will proceed now to consider the remaining convenience and

6

fairness factors.

B.      Other Convenience and Fairness Factors

The original defendants argue that the residence of the parties, ease of access to proof, convenience of the parties and witnesses, practical problems that make trial easy and inexpensive, court congestion, and the interest in having localized controversies settled at home support transfer. (See Defs.' Mem. in Supp. 7-11).  While all parties to this case are residents of California, plaintiff also does business in North Carolina and is incorporated here.  According to the original defendants, the events at issue in this case occurred in California, and all evidence and witnesses are located in California, however plaintiff contends that some evidence and witnesses are located in North Carolina.  While some witnesses undoubtedly would incur expense to travel to North Carolina, others would incur expense to travel to California.  Court congestion in this district favors transfer to California.  The interest in having localized controversies settled at home does not favor transfer to California.  At best, that factor favors transfer to New York, which is where the original defendants contend that plaintiff's principal place of business is located.  However, the original defendants did not move for transfer to New York.  Moreover, the fact that North Carolina law governs the agreements favors retention of the case in this district.

In sum, when these factors are balanced with the forum selection clauses, which are to be given significant weight, Stewart, 487 U.S. at 29, the result does not weigh strongly in favor of transfer.  Therefore, the court denies the original defendants' motion to change venue pursuant to § 1404.

7

## CONCLUSION

As ordered by text order on September 4, 2013, the original defendants' motion to change venue pursuant to 28 U.S.C. § 1404 (DE 15) is DENIED, and this memorandum opinion serves to memorialize the reasons for that denial.

SO ORDERED, this the 3rd day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

8