IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-00415-FL

| | | |
|---|---|---|
| CAMPBELL ALLIANCE GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ASHWIN DANDEKAR, EMILY HUA, | ) | |
| and JONATHAN BETTS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion for temporary restraining order (DE 37), filed December 6, 2013. For the reasons given, this motion is allowed in part and denied in part.

**BACKGROUND**

Plaintiff initiated a civil action in the Wake County Superior Court, which defendants Ashwin Dandekar and Emily Hua ("original defendants") removed to this court June 7, 2013. The original defendants subsequently filed a motion to transfer venue, which this court denied September 4, 2013.

According to the complaint, plaintiff is a management consulting business in the pharmaceutical and biotechnology industry. Its consulting teams provide services targeted at specific areas of clients' needs, such as brand management, marketing, and corporate development. Members of these consulting teams are the face of plaintiff's business and are responsible for maintaining and fostering goodwill and client relationships.

The original defendants resigned as senior-level members of plaintiff's business, as did the

newly added one. On September 19, 2012, prior to the original defendants' resignations, they organized an allegedly competing business, Blue Matter LLC ("Blue Matter"). The original defendants allegedly solicited plaintiff's employees and induced at least five to resign and join Blue Matter. Plaintiff asserts these actions violate their employment agreements. Plaintiff seeks to enjoin the original defendants from violating their post-employment restrictions by soliciting its employees. Specifically, the employment agreements indicate that for a period of eighteen (18) months following termination of employment, the original defendants

> will not directly or indirectly, on behalf of Employee or on behalf of any person, firm, partnership, corporation, association or entity, *hire (in any capacity) or call upon or solicit any person who is*, or had been during the preceding 12 months, *an employee, contractor, consultant or representative of Campbell*, for the purpose of soliciting or inducing such employee, contractor, consultant or representative to discontinue his or her relationship with Campbell or to establish a relationship with any other person or business, whether or not it competes with the Business of Campbell.

(Compl. ¶ 59 (citing Employment Agreements ¶¶ 4.2(d), 4.4) (emphasis added)).

In response to the court's initial order, the parties submitted their joint Rule 26(f) report and plan on November 6, 2013. The next day plaintiff filed a motion for preliminary injunction (DE 25) and a motion seeking expedited discovery.

The court set the discovery motion for hearing November 15, 2013, on which date Rule 16 status conference also proceeded, as noticed, to determine parameters for the court's decision-making on motion for preliminary injunction. The court granted the motion for expedited discovery, including discovery also for defendants within the terms of its order. It set a hearing date of February 25, 2014, on the preliminary injunction motion, to be combined with request for permanent injunction.

In accordance with its ruling, and upon encouragement to the parties to confer further in an

effort to reach consensus on a consent proposed case management order memorializing the scope of expedited discovery and the schedule of the case up to and until hearing in February, the court entered with some modifications the parties' proposed order on November 25, 2013.

Plaintiff filed a motion to amend December 6, 2013, seeking to add Jonathan Betts ("Betts") as a defendant and assert another breach of contract claim based on his alleged violation of post-employment contractual obligations, including alleged misappropriation, use, and disclosure of plaintiff's confidential and proprietary information for the benefit of Blue Matter, LLC ("Blue Matter"). Plaintiff asserts, based on information learned from opposing counsel, that Betts currently is employed at Blue Matter.

The court allowed the motion to amend, over the objection of defendants, in its order entered December 23, 2013. Summons has issued to Betts, and recent filings indicate he has obtained counsel in California though no notice of appearance has been filed on his behalf.

In addition, also on December 6, 2013, plaintiff filed in scattershot fashion what the court variously construed as a supplement or amendment to the motion for preliminary injunction, an "emergency motion for temporary restraining order," and a motion seeking to expand expedited discovery (DE 37).

After learning of the original defendants' and Betts's use of its confidential and proprietary information, plaintiff seeks temporary emergency injunctive relief to enjoin them from using or disclosing its information and to require return of that information. Plaintiff seeks to expand the previously ordered expedited discovery to include, among other things, a forensic examination of any computers and/or electronic devices on which plaintiff's confidential and proprietary information may be located.

As noted, the court ruled on the issues raised in the motion to amend, which was allowed. In its order entered December 23, 2013, the court also addressed the motion to expand further ongoing discovery.[1] Where the basis for certain requests for relief made in the motion before the court was supplemented, as ordered, in plaintiff's filing made December 17, 2013 (DE 42), the original defendants' response to the motion for temporary restraining order now has been received (DE 48).

**COURT'S DISCUSSION**

The thrust of the emergency motion is directed towards Betts, who, it is alleged, attached a Seagate electronic storage device to his Campbell computer, which device has been attached to his Blue Matter computer, where he now is employed. In the instant motion, plaintiff seeks to prevent any defendant, or anyone else acting on their behalf or for their benefit, from disclosing any Campbell information. Plaintiff defines further the scope of the relief requested here to include a proscription concerning use of Campbell's information against Blue Matter and, ostensibly, any other person in its employ. In recent filing, plaintiff has acknowledged applicable time limitations and explained itself further as to any bond requirement, with specific reference also to the employment agreement's terms.

---

[1] The original defendants asserted in response to motion that Blue Matter already has offered to make the relevant computer(s) available for forensic examination under a protocol to be mutually agreed upon by the parties. Upon this response, the court denied the motion as moot, ordering the parties to meet and confer to determine a forensic examination protocol on or before December 30, 2013. In the event no resolution timely was achieved, the court added that plaintiff may renew its motion seeking to expand discovery, to include specific reference(s) on the face of any discovery motion, as to what, precisely, it seeks to discover. A renewed motion asserting continued need for additional, expedited discovery, beyond what was ordered, was required to be filed by January 3, 2014. This issue in discovery was renewed in motion to expand expedited discovery (DE 50), filed by plaintiff January 3, 2014. Pursuant to text order, expedited response has been ordered.

In addition to a bar on disclosure, plaintiff seeks return of all documents relating to Campbell's confidential information. Finally, it seeks a sworn statement accounting for the whereabouts of any file, data, device, and/or information removed from plaintiff, as set forth more particularly in its proposed order form.

The motion comes with notice to the original defendants. As to defendant Betts, it was filed before he was added as a defendant, and there has not been, to date, any formal notice of appearance by his attorney. Reference is however made to his attorney in certain of plaintiff's filings.

Federal Rule of Civil Procedure 65(b) provides that:

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In addition, pursuant to Rule 65(c), "[t]he court may issue . . . a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully . . . restrained."

A party seeking a temporary restraining order must establish: (1) that it is likely to succeed on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). A party must satisfy each of the Winter factors to obtain a temporary restraining order. Pashby v. Davis, 709 F.3d 307, 320-21 (4th Cir. 2013).

First, plaintiff must demonstrate that it is likely to succeed on the merits by making a clear

showing that it is likely to succeed at trial. Id. Under North Carolina law, "the elements of a breach of contract claim are (1) existence of a valid contract and (2) breach of the terms of that contract." Wooton v. CL, LLC, No. 2:09-CV-34-FL, 2010 WL 3767308, at *5 (E.D.N.C. 2010) (citing Lake Mary Ltd. P'ship v. Johnston, 145 N.C. App. 525, 536 (2001)). Under North Carolina law, the elements of a valid contract are "mutual assent, legal capacity, consideration, and a legal bargain." Orthodontic Ctrs. of America, Inc. v. Hanachi, 151 N.C. App. 133, 135 (2002). "A contract is, however, presumed to be legal, and its illegality is an affirmative defense, with the burden of proving it . . . on the one that asserts it." Id. (internal quotation marks and citations omitted).

Here, plaintiff has provided Betts's employment agreement, which includes a non-disclosure provision. (See Mem. in Supp. Ex. 2 ¶ 3.1). The non-disclosure provision prohibits the disclosure of plaintiff's confidential information and the use of that information for personal or third party benefit without plaintiff's prior written consent. (Id.). In addition, the employment agreement requires that upon termination of employment, Betts must promptly return all of plaintiff's personal property, including copies, whether in electronic or tangible form, containing or relating to any of plaintiff's confidential information. (Id. ¶ 3.3). Further, the employment agreement provides that injunctive relief would be appropriate in the event of a breach or threatened breach of the agreement. (Id. ¶ 7.3). On the showing made, the court finds that plaintiff is likely to succeed on the merits.

Second, plaintiff must demonstrate that it is likely to suffer irreparable harm in the absence of a temporary restraining order. Winter, 555 U.S. at 20. "Generally, irreparable harm is suffered when monetary damages are difficult to ascertain or are inadequate." Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co., 22 F.3d 546, 551 (4th Cir. 1994) (internal quotation marks omitted). "[W]hen the failure to grant preliminary relief creates the [likelihood] of permanent

loss of customers to a competitor or the loss of goodwill, the irreparable injury prong is satisfied." Id. at 552. See Zahodnick v. Int'l Bus. Machs. Corp., 135 F.3d 911, 915 (4th Cir. 1997) (per curiam) (affirming an order enjoining a former employee from disclosing the employer's confidential materials to third parties and ordering the return of all confidential materials to the employer where the former employee had agreed to such by signing two non-disclosure agreements).

Here, plaintiff has alleged that it has lost at least one project for one of its largest clients to Blue Matter since Betts began employment at Blue Matter. This court finds that plaintiff has demonstrated that it is likely to suffer irreparable harm in the form of loss of customer business and goodwill in the absence of a temporary restraining order.

Third, plaintiff must demonstrate that the balance of equities tips in its favor. Winter, 555 U.S. at 20. A temporary restraining order only would require defendants to comply with the post-employment restrictions to which they previously agreed. However, plaintiff is likely to suffer irreparable harm in the absence of preliminary relief. Thus, the balance of equities tips in plaintiff's favor.

Fourth, plaintiff must demonstrate that an injunction is in the public interest. Winter, 555 U.S. at 20. The enforcement of valid contracts is in the public interest. See ISCO Indus., LLC v. Erdle, No. 5:11-CV-552-F, 2011 WL5101599, at *4 (E.D.N.C. Oct. 26, 2011) ("[T]he public interest is served by granting this temporary restraining order because such issuance ensures that valid contracts are enforced and makes sure that businesses are able to share confidential and proprietary information with its employees without fear it will end up in the hands of a competitor."). Thus, the issuance of a temporary restraining order is in the public interest here.

Defendants' main argument in opposition is grounded on vagueness, where defendants urge

they cannot know what information plaintiff seeks to protect. Defendants complain plaintiff may think information defendants receive from clients and other sources should be covered by the injunction, and state a fear that such a broad injunction will place the entirety of defendants' business conduct under jeopardy of punishment. Defendants rely heavily on FMC Corp. v. Cyprus Foote Mineral Co., 899 F. Supp. 1477 (W.D.N.C. 1995), where the manufacturer of lithium batteries sued its former employee to prohibit the disclosure of trade secrets. Plaintiff claimed protectable trade secrets in a series of generally described work activities of or relating to lithium batteries and their components. The court found that this general description was not sufficiently particular and, if permitted, would effectively preclude the employee "from doing any work in his general area of expertise." Id. at 1480. The court observed that plaintiff's claims in that case, which centered on whether the plaintiff met the then-applicable standard for entry of a preliminary injunction, "implicate almost every stage in the production of battery-quality lithium metals." Id. at 1482. The same concerns are not apparent here.

Where the court finds that a temporary restraining order is appropriate, the scope of the order should be tailored to fit Betts's alleged breach of his employment agreement. As noted above, plaintiff asserts, based upon a forensic examination of Betts's Campbell computer and information from his attorney, that these alleged actions are in violation of his employment agreement: (1) Betts's retention of plaintiff's confidential information on a Seagate external storage device after the termination of his employment; and (2) his download of that information to his Blue Matter computer. Plaintiff has identified two potential files that may have been downloaded to the Seagate electronic storage device: (1) ASAP Cash Flow and Revenue by Disease Charts.xlsm; and (2) Hepatitis docs.zip. (Mem. in Supp. Ex. 4 ¶12).

Defendants are temporarily restrained from using and disclosing, in any manner, plaintiff's confidential information allegedly contained in files on the Seagate external storage device or any computing device, including hard drives, CD or DVD-ROM storage media, USB flash drives, or other devices, to which those files allegedly have been downloaded. Said information and materials shall be identified, segregated by defendants and preserved in litigation, with index to be given by defendants to plaintiff within seven days hereof accounting for all of plaintiff's confidential information at issue here involving any file, data, device, and/or information allegedly removed from plaintiff.

"[T]he district court retains the discretion to set the bond amount as it sees fit or waive the security requirement." Pashby, 709 F.3d at 332. The purpose of the security requirement "is to provide a mechanism for reimbursing an enjoined party for harm it suffers as a result of an improvidently issued . . . restraining order. The amount of the bond, then, ordinarily depends on the gravity of the potential harm to the enjoined party." Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 421 n.3 (4th Cir. 1999).

Here, defendants' employment agreements contain a clause expressly waiving the security requirement. (See Mem. in Supp. Ex. 2 ¶ 7.3). In addition, as noted above, the only hardships that defendants will suffer as a result of the temporary restraining order are the restrictions to which they previously agreed. Therefore, plaintiff is *not* required to post any bond because the court waives the security requirement.

There are two types of temporary restraining orders. See Pashby, 709 F.3d at 319-20. Prohibitory temporary restraining orders are "intended to preserve the status quo until a preliminary injunction hearing can be held." Hoechst, 174 F.3d at 422. The status quo is defined as "the last

uncontested status between the parties which preceded the controversy." Pashby, 709 F.3d at 319 (internal quotation marks omitted). Mandatory temporary restraining orders compel action, and thus do not preserve the status quo, "and normally should be granted only in those circumstances when the exigencies of the situation demand relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Here, plaintiff requests mixed injunctive relief. It seeks to preserve the status quo to the extent that it seeks to restrain defendants from using or disclosing its confidential information. However, it seeks to compel action to the extent that it seeks to require defendants to return documents containing that confidential information. See X Corp. v. Doe, 805 F. Supp. 1298, 1303 (E.D. Va. 1992) (determining a party sought mixed injunctive relief under similar circumstances).

This court finds that a prohibitory temporary restraining order is appropriate here. Thus, defendants are ordered to preserve plaintiff's confidential information allegedly contained in files on the Seagate external storage device or any computing device, including hard drives, CD or DVD-ROM storage media, USB flash drives, or other devices, to which those files allegedly have been downloaded, and to account for that information which is subject to this order.

Pursuant to Federal Rule of Civil Procedure 65(d)(2), this "order binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Notice shall be given to the original defendants, through their attorney of record, by service of this order. Actual notice to Blue Matter, newly added defendant Betts, and any other in active concert or participation, similarly enjoined, shall be the responsibility of plaintiff. Defendants' cooperation is expected. Upon such notice, a return showing personal service or some other method of receipt of actual notice, shall be

filed on the docket.

**This order shall take effect at 4:00 p.m. EST, Tuesday January 7, 2014. This order shall expire at 4:00 p.m. EST, Tuesday January 21, 2014. The parties shall confer to reach consensus as to terms for continuation of this order up to and until date of decision on the motion for preliminary and permanent injunction, set for hearing February 25, 2014, and report to the court January 17, 2014. In the event no consensus is reached on or before that date, evidenced by submission of the form of an agreed upon, proposed order, the court previews here it will 1) extend the restraints herein ordered a further fourteen (14) days; 2) hear at New Bern January 30, 2014, at 9:00 a.m., plaintiff's motion for preliminary injunction as recently supplemented; and 3) leave for hearing February 25, 2014, the motion for permanent injunction.**

**CONCLUSION**

For the reasons given, this motion is allowed in part and denied in part as set forth above.

SO ORDERED, this the 7th day of January, 2014.

LOUISE W. FLANAGAN
United States District Judge