IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:13-CV-00415-FL

| | |
|---|---|
| CAMPBELL ALLIANCE GROUP, INC., | ) |
| Plaintiff; | ) |
| v. | ) **CONSENT ORDER AND JUDGMENT** |
| ASHWIN DANDEKAR, *et al.*, | ) |
| Defendants. | ) |

It appearing to the Court that: (a) Plaintiff CAMPBELL ALLIANCE GROUP, INC. ("Campbell"), Defendants ASHWIN DANDEKAR ("Dandekar"), EMILY HUA ("Hua") and JONATHAN BETTS ("Betts"), and third party BLUE MATTER, LLC ("Blue Matter") have reached an agreement to resolve the disputes that exist between them, (b) Blue Matter has consented to submit to the jurisdiction of this Court for purposes of enforcement of this Consent Order and Judgment ("Consent Order "), and (c) Campbell, Dandekar, Hua, Betts and Blue Matter all stipulate and agree to the terms of a permanent injunction and other relief as part of a resolution of this action, the Court issues this Consent Order and Judgment pursuant to Rules 54 and 65 of the Federal Rules of Civil Procedure and hereby ORDERS, ADJUDGES, and DECREES as follows:

1. Blue Matter, Dandekar, Hua, Betts, their officers, agents, employees, and attorneys and anyone working in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are hereby:

(a) enjoined and prohibited from using or disclosing Campbell's Confidential Information, as defined below, ("Confidential Information"), for any purpose so long as Campbell's information remains confidential.

(b) enjoined and prohibited, until December 31, 2014, from directly or indirectly, on behalf of any person, firm, partnership, corporation, association or entity, hiring, engaging or contracting with any person who is, or who was on Dandekar's or Hua's last date of employment with Campbell, an employee, contractor, consultant or representative of Campbell (a "Restricted Employee") to work for, or perform any services on behalf of, Dandekar, Hua, Blue Matter or any other entity that competes with Campbell.

2. Blue Matter, Dandekar, Hua, Betts are further hereby ordered to produce to Campbell, within 5 days of the entry of the Consent Order and Judgment:

(a) the e-mail correspondence, including any attachments, that Betts sent to Joseph Magliocco containing the computer file that Betts misappropriated from Campbell.

(b) the e-mail correspondence that Dandekar sent to Mary Lee attaching her Blue Matter Employment Agreement.

(c) written assurances stating, under oath, that: (i) that they are not in possession, custody or control of any of Campbell's Confidential Information, including but not limited to any documents and information related to Campbell's Launch Playbook, Innovation2Value and ASAP, and (ii) that they have not used or disclosed any of Campbell's Confidential Information for any purpose except for a legitimate Campbell business purpose.

(d) written assurances from a Blue Matter representative stating, under oath, that: (i) Blue Matter does not have possession, custody or control of any of Campbell's Confidential Information, and (ii) Blue Matter is not aware of any Campbell Confidential Information being used or disclosed by anyone acting on behalf of Blue Matter.

(e) written assurances stating, under oath, that: (i) the only former Campbell employees who are currently employed at or providing consulting services for Blue Matter are: Ashwin Dandekar, Emily Hua, Mary Lee, Jeron Eaves, Shankar Sundar, Lily Sung and Jonathan Betts; and (ii) as of the date this Consent Order and Judgment, Dandekar, Hua, Betts and/or Blue Matter have not hired, retained or engaged in any manner, any other Campbell employees, contractors, consultants or representatives other than those set forth in 2(e)(i).

If it is later proven that Dandekar, Hua, Betts and/or Blue Matter did hire one or more former Campbell employees prior to the entry of the Consent Order and Judgment, other than those individuals identified above in 2(e), then for each such employee, Dandekar, Hua, Betts and Blue Matter shall pay to Campbell, as liquidated damages, a total aggregate amount equal to thirty percent (30%) of each of those employees' base salaries as paid by Campbell at the time of the employee's termination of Campbell employment.

3. For purposes of this Consent Order and Judgment, the term "Confidential Information" shall include Campbell's trade secrets as defined under North Carolina law, as well as any other information or material which is not generally known to the public, and which:

(a) is generated, collected by or utilized in the operations of the Campbell's business and relates to the actual or anticipated business, research or development of Campbell; or

(b) is suggested by or results from any task assigned to a Campbell employee, contractor, consultant or representative ("Campbell Employee") by Campbell or work performed by a Campbell Employee for or on behalf of Campbell.

Confidential Information shall not be considered generally known to the public if a Campbell Employee or others improperly reveal such information to the public without Campbell's express written consent and/or in violation of an obligation of confidentiality owed to Campbell.

Examples of Confidential Information include, but are not limited to, all customer, client, supplier and vendor lists, budget information, contents of any database, contracts, product designs, technical know-how, engineering data and/or drawings, pricing and cost information, performance standards, productivity standards, research and development work, service offerings, work product, software, business plans, proprietary data, projections, market research, perceptual studies, strategic plans, marketing information, financial information (including financial statements), sales information, training manuals, employee data, including employee lists, skills or compensation, and all other competitively sensitive information with respect to Campbell, whether or not it is in tangible form, and including without limitation any of the foregoing contained or described on paper or in computer software or other storage devices, as the same may exist from time to time.

Notwithstanding anything to the contrary, Confidential Information does not include any information which (a) was previously publicly known outside of Campbell (as evidenced by written records) prior to disclosure thereof by Defendants, or (b) is provided to Hua, Dandekar, Betts and/or Blue Matter by an independent third party unless Hua, Dandekar, Betts, or Blue Matter know or should know that the third party was under an obligation not to disclose such information. Nothing in this Consent Order and Judgment shall obligate or require Hua, Dandekar, Betts, or Blue Matter to affirmatively investigate the existence of any such obligation.

4. Upon the entry of this Consent Order, Blue Matter, Dandekar and Hua shall instruct their employees, officers, directors, advisors, agents, consultants and contractors that they are not to use or disclose any of Campbell's Confidential Information and, if they have any such information in their possession, custody or control, they shall immediately return such information to Campbell.

5. Within three (3) days of the entry of this Consent Order, Blue Matter shall take the appropriate action to request and cause the action pending in the United States District Court for the Northern District of California, San Francisco Division, titled *Blue Matter, LLC v. Campbell Alliance Group, Inc. and Does 1 through 20, inclusive,* Case No. 3:13-CV-05978-SI to be dismissed with prejudice and with each party to bear its own attorneys' fees and costs.

6. Prior to returning Betts' Seagate hard drive and Blue Matter's laptop computer, Campbell's computer forensic expert is permitted to permanently delete the computer files that Betts previously downloaded from Campbell and placed onto those devices.

7. The Parties consent to this Order as part of their Agreement to resolve this action. None of the parties subject to this Order concede or admit any unlawful conduct, liability, fault or wrongdoing.

8. This matter is hereby dismissed with prejudice.

9. The Parties shall bear their own respective costs and attorneys' fees.

10. The Court hereby retains jurisdiction over this matter to implement and enforce the terms of this Order.

THE CLERK OF COURT SHALL ENTER THIS JUDGMENT FORTHWITH.

SO ORDERED this 20th day of February, 2014

*[Signature]*
United States District Judge